# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD A. McMAHAN, RAM GROUP,
INC., GEORGIA REAL ENTERPRISES,
INC., and OMEGA PAVING AND
ENVIRONMENTAL MANAGEMENT
GROUP, LLC,

          **Plaintiffs,**

-vs-                                  Case No.  6:06-cv-248-Orl-28KRS

ALLEN E. BARKER, MERCHANTS
INTERNATIONAL HOLDINGS LIMITED,
TRI-STAR OIL CORPORATION (UK)
LTD., PACIFIC RIM DEVELOPMENT
GROUP, LLC, J.J. JONES, MEGA
CHURCH INCORPORATED, and
LUTHER JAMES BLACKWELL, JR.,

          **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT ON PLAINTIFFS' CLAIMS (Doc. No. 110)**
>
> **FILED:** April 20, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs Richard A. McMahan, RAM Group, Inc., Georgia REAL Enterprises, Inc., and OMEGA Paving and Environmental Management Group, LLC are not entitled to the entry of a default

judgment merely because Defendants Allen E. Barker and Pacific Rim Development Group, LLC (Pacific Rim) have failed to answer and a default has been entered against them. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the plaintiffs must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that Barker and Pacific Rim are liable for the alleged violations. "The defendant[s are] not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1206.

To satisfy this burden, the plaintiffs must support the motion for entry of a default judgment with a legal memorandum containing supporting authority that the facts pleaded in the complaint (but not the conclusions of law contained therein) are sufficient to establish each element of each claim against Barker and Pacific Rim. *See, e.g.*, *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1481 (N.D. Ga. 1997). If liability is established, the plaintiffs should also submit evidence in support of their claims for damages, with supporting legal authority. *See Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp. 2d 1342, 1346 (M.D. Fla 1999) (holding that by failing to appear and answer the complaint, a defendant does not admit that any damages are owed to the plaintiff). The plaintiffs are advised that their own unsworn statements of facts are insufficient, and that they must provide proof of their damages. The Court notes that this is the second time that it has informed the plaintiffs that they have to provide evidence to support a motion for default judgment. In my June 26, 2006 order, I specifically advised the plaintiffs that "[a]ny future motion seeking entry of a default judgment must be supported by evidence of the damages sought, not a conclusory affidavit asserting an amount of loss." Doc. No. 35.

The deadline for submission of a renewed motion is twenty days following resolution of this case as to the co-defendants. The plaintiffs are cautioned that failure to submit a sufficient motion by the date set by this order could result in the recommendation that the allegations in the complaint against Barker and Pacific Rim be dismissed. *See* Fed. R. Civ. P. 16(f).

**DONE** and **ORDERED** in Orlando, Florida on May 7, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties