# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD A. McMAHAN, RAM GROUP,
INC., GEORGIA REAL ENTERPRISES,
INC., and OMEGA PAVING AND
ENVIRONMENTAL MANAGEMENT
GROUP, LLC,

                    Plaintiffs,

-vs-                                              Case No.  6:06-cv-248-Orl-28KRS

ALLEN E. BARKER, MERCHANTS
INTERNATIONAL HOLDINGS LIMITED,
TRI-STAR OIL CORPORATION (UK)
LTD., PACIFIC RIM DEVELOPMENT
GROUP, LLC, J.J. JONES, MEGA
CHURCH INCORPORATED, and
LUTHER JAMES BLACKWELL, JR.,

                    Defendants.
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS MEGA CHURCH INC. AND BISHOP LUTHER J. BLACKWELL, JR.'S RENEWED MOTION FOR SANCTIONS, ATTORNEYS' FEES AND COSTS** (Doc. No. 117) |
| **FILED:** | November 16, 2007 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

At the preliminary pretrial conference in this case, counsel for Defendant MEGA Church Inc. (Mega Church) and Luther James Blackwell, Jr. expressed concerns about whether Plaintiffs' counsel complied with the provisions of Federal Rule of Civil Procedure 11 in connection with the filing of the complaint in this case. After listening to the reason for these defendants' concerns, I issued an order requiring counsel for Plaintiffs to show cause in writing filed on or before August 31, 2006, why their claims were sufficient under Rule 11. Doc. No. 49. Mega Church and Blackwell filed a separate Rule 11 motion. Doc. No. 55. I scheduled an evidentiary hearing on the Rule 11 issues. Doc. No. 66.

Meanwhile, Plaintiffs filed an amended complaint. Doc. No. 46. Plaintiffs subsequently dismissed all of their causes of action against Mega Church and Blackwell except the cause of action arising from promissory estoppel. Doc. Nos. 59, 86. Mega Church and Blackwell then withdrew their Rule 11 motion and asked the Court to cancel the evidentiary hearing and withdraw the order to show cause. Doc. No. 74. I granted the motion, canceled the hearing, and withdrew the order to show cause. Doc. No. 75. The litigation continued between these parties until summary judgment was granted in favor of Mega Church and Blackwell on May 11, 2007. Doc. No. 114.

Six months after the summary judgment order was entered, Mega Church and Blackwell now seek to renew the previously withdrawn Rule 11 motion. They contend that the "safe harbor" provision of Rule 11 requiring service of the Rule 11 motion on the opposing party at least twenty-one days before filing the motion is inapplicable because they repeatedly asked Plaintiffs to withdraw their claims. Doc. No. 117 at 3 n.1. The only legal authority Mega Church and Blackwell cite to support this argument is *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003). This case undermines Mega Church and Blackwell's argument, in that the Court noted that "the 'safe harbor' provision

-2-

functions as a practical time limit, *and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission.*" *Id.* at 89 (emphasis added).

The United States Court of Appeals permits Rule 11 motions to be filed following the conclusion of a case.  *See Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998).  It does not, however, excuse compliance with the procedural requirements of the rule.  Rule 11 requires that the motion for sanctions be served and must not be filed or presented to the court if the challenged matter is withdrawn or corrected within twenty-one days after service of the motion. Fed. R. Civ. P. 11(c)(2).

In the present case, Plaintiffs' counsel is necessarily prejudiced by the course of conduct of Mega Church and Blackwell.  When Mega Church and Blackwell withdrew the original Rule 11 motion and asked the Court to withdraw its order to show cause and cancel the evidentiary hearing, Plaintiffs and their counsel could reasonably have concluded that the underpinnings of the Rule 11 motion had been resolved by filing an amended complaint and later dismissal of some of the causes of action against Mega Church and Blackwell.  If Mega Church and Blackwell had a basis to contend that the remaining cause of action against them, promissory estoppel, was brought and litigated in violation of Rule 11, they were obligated under the rule to serve another Rule 11 motion

at a time when Plaintiffs' counsel could have taken corrective action.  Having failed to do so, the

present motion is due to be denied for failure to comply with the procedural requirements of Rule 11.

    **DONE** and **ORDERED** in Orlando, Florida on December 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy